IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CORNWELL QUALITY TOOLS COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>SHANE WOODS, MARYLOU WOODS, and WOODS FAMILY TOOLS, LLC,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:24-cv-00138-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Cornwell Quality Tools Company's motion for a default judgment against two of the three defendants in this case: Shane Woods and Woods Family Tools, LLC (the defaulting defendants). ECF No. 20. The relief that Cornwell seeks is a permanent injunction prohibiting the defaulting defendants from using its trademarks and requiring these defendants to remove the trademarks from a business vehicle and to "surrender for destruction all decals, labels, stationery, business cards, invoices, packaging, containers, advertising materials, uniforms or any other business equipment or marketing materials in their possession which displays Cornwell's Marks." The court GRANTS IN PART and DENIES IN PART Cornwell's motion for a default judgment.

## BACKGROUND

Cornwell is a company that manufactures and sells automotive tools. Since 1920, it has used in commerce variations of the trade name "Cornwell," as well as other trademarks associated with its products. Cornwell's trademarks are registered with the U.S. Patent and Trademark Office (PTO).

In June 2022, Conwell entered into a franchise agreement with the defaulting defendants. Under the agreement, the defaulting defendants obtained a limited license to use the Cornwell trademarks to sell Cornwell's products. In October 2023, Cornwell terminated the agreement. As a result, the defaulting defendants were no longer authorized to use the trademarks. The defaulting defendants, nonetheless, continued to use the trademarks by failing to remove them from a tool truck owned and operated by the defendants in their business.

In February 2024, Cornwell sued Shane Woods, Marylou Woods, and Woods Family Tools, LLC. Cornwell asserted a number of causes of action, including a claim for trademark infringement under the Lanham Act. Cornwell served the complaint on Shane Woods and Woods Family Tools, who defaulted by failing to file a timely answer. Cornwell did not file a return of service for Marylou Woods. Cornwell then moved for a default judgment against the defaulting defendants on its Lanham Act trademark infringement claim. Cornwell does not seek damages in its motion for a default judgment. Instead, it requests a permanent injunction prohibiting the defaulting defendants from using its trademarks.

## LEGAL STANDARD

In evaluating a motion for default judgment, the court accepts all of the well-pled factual allegations of the complaint as true. *Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 157 (10th Cir. 2022). "[E]ntry of a default judgment is committed to the sound discretion of the district court . . . ." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016); *accord* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2685 (4th ed. 2022) ("[T]he district judge is required to exercise sound judicial discretion in determining whether [a default] judgment should be entered.").

## ANALYSIS

Cornwell argues that it is entitled to a default judgment on its Lanham Act trademark infringement claim. "To prevail under Section 43(a) [of the Lanham Act], a plaintiff must show '(1) that the plaintiff has a protectable interest in the mark; (2) that the defendant has used an identical or similar mark in commerce; and (3) that the defendant's use is likely to confuse customers.'" *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1052 (10th Cir. 2021) (citation omitted). The allegations of the complaint satisfy these elements. Cornwell asserts that it has registered a number of trademarks with the PTO. Cornwell further alleges that the defaulting defendants used several of these trademarks in commerce by failing to remove them from a work truck that is used in their business of selling tools. Finally, this use is likely to confuse customers. By displaying the protected trademarks on the truck, customers will likely assume that the defaulting defendants continue to be authorized dealers of Cornwell's products despite the termination of the franchise agreement.

The only remedy that Cornwell seeks for the defaulting defendant's infringement of its trademark rights is a permanent injunction. The Lanham Act authorizes courts to grant injunctive relief to prevent further violations of a trademark holder's rights. 15 U.S.C. § 1116(a). "For a party to obtain a permanent injunction, it must prove: '(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.'" *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007) (citation omitted). As noted above, Cornwell has succeeded on the merits of its trademark infringement claim. Additionally, Cornwell is "entitled to a rebuttable presumption of irreparable harm upon a finding of a violation" of the Lanham Act. 15 U.S.C. § 1116(a). Because it has not

been rebutted, the presumption of irreparable harm stands. Moreover, the threatened injury caused by the defaulting defendants' continued unauthorized use of the trademarks outweighs any harm that an injunction may cause to the defendants. A permanent injunction would only require the defaulting defendants to cease its infringement of Cornwell's trademark rights. Any incidental costs to the defaulting defendants would not override the threatened injury to Cornwell. *See Core Progression Franchise LLC v. O'Hare*, No. 21-1151, 2022 WL 1741836, at *4 (10th Cir. May 31, 2022) (unpublished) ("Harms that a party brings on himself generally bear less weight in this balancing analysis."). Finally, a permanent injunction will not adversely affect the public interest. To the contrary, an injunction will benefit the public by helping to avoid customer confusion. Accordingly, Cornwell is entitled to a permanent injunction because it has satisfied all of the requirements for injunctive relief.

    The court must, of course, determine the appropriate scope of a permanent injunction. Cornwell seeks a broad injunction prohibiting the defaulting defendants from using its trademarks and requiring these defendants to remove the trademarks from a business vehicle and to "surrender for destruction all decals, labels, stationery, business cards, invoices, packaging, containers, advertising materials, uniforms or any other business equipment or marketing materials in their possession which displays Cornwell's Marks." But the allegations of the complaint do not support the full scope of the requested injunction. The complaint alleges that after Cornwell terminated the franchise agreement, the defaulting defendants continued to use a work truck baring Cornwell's trademarks. Based on this allegation, Cornwell is entitled to an injunction generally prohibiting the defaulting defendants from using its trademarks in commerce and requiring the defendants to remove the trademarks from the truck and to refrain from selling the truck until the trademarks are removed. The complaint, however, is devoid of any assertion that the defaulting defendants made

any other commercial use of the trademarks. Absent allegations that the defaulting defendants made any other commercial use of the trademarks, Cornwell is not entitled to the broader injunction that it requests.

Thus, based on the facts alleged in the complaint, the court permanently enjoins the defaulting defendants as follows:

> Shane Woods and Woods Family Tools, LLC (the defendants) are hereby permanently enjoined from using in commerce Cornwell Quality Tools Company's trademarks (U.S. Trademark Registration Numbers 747,209; 747,210; 1,139,026; 1,150,695; 1,163,457; 1,276,492; 1,276,565; 2,497,549; 2,514,179; 2,533,695; 3,456,834; 3,470,727; 3,494,755; 3,548,901; 3,855,015; 3,920,502; 4,449,249; 4,645,512; 4,649,553; 4,898,747 and 4,926,021). The defendants must remove these trademarks from their work vehicle and may not sell the vehicle before removing the marks.

Finally, the court notes that Cornwell seeks entry of judgment against fewer than all of the defendants in this case because Cornwell did not serve the complaint on Marylou Woods. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court finds that there is no just reason for delay and will enter a final default judgment against defendants Shane Woods and Woods Family Tools, LLC without further notice.

## CONCLUSION

For the above reasons, the court grants in part and denies in part Cornwell's motion for a default judgment. The court will enter a default judgment permanently enjoining the defaulting defendants from using Cornwell's trademarks in commerce.

DATED June 3, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge