THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CORNWELL QUALITY TOOLS COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHANE WOODS, MARYLOU WOODS, and WOODS FAMILY TOOLS, LLC,,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ENFORCE JUDGMENT<br><br>Case No. 2:24-cv-00138-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rule of Civil Procedure 70, Plaintiff Cornwell Quality Tools Company moves the court to Enforce Default Judgment against Defendants Shane Woods and Woods Family Tools, LLC.[1] Default judgement was entered against Defendants enjoining them from using certain Cornwell trademarks.[2] Plaintiff asserts Defendants have not complied with the court's judgment and seek an order granting their motion and a writ of attachment permitting Cornwell to take temporary possession of Defendants' vehicle to effectuate the removal of Cornwell's trademarked decals. To date, Defendants have not responded to the motion. As set forth below the court grants the motion.

Under Rule 70 if "a judgment requires a party to … perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the

---

[1] ECF No. 27. This motion is referred to the undersigned from Judge Jill Parrish. ECF No. 28.

[2] ECF No. 23. Defendant Marylou Woods was voluntarily dismissed from this case. ECF No. 25.

disobedient party's expense—by another person appointed by the court."[3] The Rule also permits a "party who obtains a judgment" to obtain a writ of execution.[4]

On June 3, 2024, the court entered default judgment against Defendants.[5] On June 12, 2024, a letter from Plaintiff's counsel, the motion for default judgment, and default judgment were served by personal service on Shane Woods.[6] The court finds Defendants have notice of the default judgment and that they are enjoined from using Plaintiff's trademarks.

In addition, on August 26, 2024, Plaintiff served via Certified Mail a copy of their Motion to Enforce Default Judgment. Delivery of the motion is confirmed on August 28, 2024.[7] Federal Rule 5 permits service of a written motion by "mailing it to the person's last known address" and Rule 4 is inapplicable here, because the pleading does not assert a new claim for relief.[8] Rather, Plaintiff seeks to enforce its default judgment. Thus, the court finds Defendants also have notice of Plaintiff's Motion to Enforce Default Judgment. Despite receiving the Complaint in this case, the Default Judgment, and Plaintiff's Motion, Defendants have chosen to file no response.

Accordingly, based on Plaintiff's Motion, for good cause shown, and on account of Defendants receiving notice but failing to respond to the proceedings in this case, the court

---

[3] Fed. R. Civ. P. 70(a).

[4] *Id.* 70(c).

[5] ECF No. 23.

[6] The proofs of service attached to the Motion to Enforce Default Judgment lists that the following documents were served: Service Letter, Motion for Default Judgment, and Default Judgment. Ex. 2, ECF No. 27-2 p. 9. The June 11, 2024, letter from Plaintiff's counsel notes the Default Judgment and Memorandum Decision from the court granting and denying in part the Motion for Default were included as enclosures. ECF No. 27-2 p. 2. Thus, the proofs of service and Service Letter appear to differ in whether the court's Memorandum Decision or the Motion for Default were served. This difference however is immaterial here because Defendants did receive the Default Judgment, which is central to Plaintiff's Motion to Enforce Judgment.

[7] Request to Submit Decision, ECF No. 29, (providing USPS tracking number).

[8] Fed. R. Civ. P. 5.

GRANTS Plaintiff's Motion.[9] The Clerk of Court is directed to issue Plaintiff's proposed Writ of Attachment included with the Motion and include a copy of this order with the Writ.

    IT IS SO ORDERED.

    DATED this 2 October 2024.

    _____
    Dustin B. Pead
    United States Magistrate Judge

---

[9] ECF No. 27.